UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBERT C. TREADWAY, JR., | ) | CASE NO. 4:10 CV 2749 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| R. RUSHING, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Robert C. Treadway, Jr. filed this Bivens[1] action in the Mahoning County Court of Common Pleas against Corrections Corporation of America ("CCA"), the Northeast Ohio Correctional Center ("NEOCC"), NEOCC Warden R. Rushing, the CCA Stock Holders and the CCA Board Members. In the Complaint, Plaintiff alleges the Defendants subjected him to involuntary servitude in violation of the Thirteenth Amendment and denied him due process in violation of the Fifth Amendment. The Defendants removed the action to this federal court on December 3, 2010.

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 383 (1971). While plaintiff cites 42 U.S.C. § 1983, there is no allegation of action under color of state law. Mr. Treadway is a federal prisoner, in the custody of the United States Marshal. *Bivens* provides federal inmates and detainees with a cause of action analogous to § 1983.

## I. Background

Plaintiff is under indictment in the United States District Court for the Western District of New York. *See United States v. Koschtschuk*, No. 1:09 cr 00096 (W.D. N.Y. filed Mar. 17, 2009)(Skretny, J.). He is in the custody of the United States Marshal having been denied release on bond pending trial. Although he was initially housed in various New York jails, he was later transported to NEOCC in Youngstown, Ohio.

Plaintiff first claims he is being subjected to involuntary servitude under the Thirteenth Amendment. He states NEOCC requires him to keep his cell neat and orderly. His bed must be made every day by 7:30 a.m. He and other inmates are made to keep their living areas clean, including their toilets, sinks, drinking facilities, and showers. They must also sweep, dust, and mop. In addition, inmates must stand for prisoner counts and state their names, housing units, and bunk numbers if asked. An ID must also be clipped to the prisoners' pocket. He appears to assert that because he is a pretrial detainee, he should not have to participate in the cleaning of the facility or the count procedure.

In addition, Plaintiff claims he was denied due process in violation of his Fifth Amendment rights. First, Plaintiff claims he was transferred to Ohio without due process. He was placed in the custody of the United States Marshal Service, which contracts with CCA to house federal pretrial detainees at NEOCC. Plaintiff states that although there are facilities within the Western District of New York, the United States Marshal placed him in NEOCC, which is three hours from his home. Moreover, he claims he was transported in a vehicle that did not contain seat belts, which is a violation of New York traffic laws. Finally he claims he was not given a copy of the NEOCC regulations, and was not given a trial within 180 days as set forth in Ohio Revised Code §2941.401.

He contends these actions also violated his Fifth Amendment rights.

## II. Analysis

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

Plaintiff filed an identical action in the Mahoning County Court of Common Pleas on September 22, 2010. It was removed to this federal court by the Defendants on October 7, 2010. That case, no. 4:10 CV 2283, was assigned to United States District Court Judge Sara Lioi. Judge Lioi issued a Memorandum of Opinion and Order on December 16, 2010, dismissing the case pursuant to 28 U.S.C. § 1915A.

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple

litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Plaintiff is therefore precluded from litigating this matter for a second time.

### III. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

        IT IS SO ORDERED.


DATE: 1/4/2011          /s/ John R. Adams
        JOHN R. ADAMS
        UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.